UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDWARD L. REESE,<br>　　　　　Plaintiff | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| EQUIFAX INFORMATION SERVICES, | ) |
| LLC; EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC.; TRANSUNION, LLC; | )　　　　Case No. |
| U.S. BANK; FIRST AMERICA | )　　　　CV-08-00170 |
| CORPORATION AND ALLEN RICE | ) |
| A through Z, being those persons of | ) |
| entities who are liable for the claims | ) |
| stated herein but whose identities are | ) |
| unknown to Plaintiff and will be supplied | ) |
| when ascertained, | ) |
| 　　　　　Defendants. | ) |

## DEFENDANT TRANS UNION LLC'S NOTICE OF REMOVAL

Comes Now, Trans Union LLC ("Trans Union"), incorrectly named Transunion, LLC, and files this Notice of Removal pursuant to 28 U.S.C. §1446(d) and in support thereof would respectfully show the Court as follows:

### A.  Procedural Background

1.      On or about February 22, 2008, Plaintiff Edward L. Reese ("Plaintiff") filed the Complaint in this action in the Circuit Court of Mobile County, Alabama, Case No. CV-08-00387 ("State Court Action") alleging violations of 15 U.S.C. §§ 1681, *et seq.*, the Fair Credit Reporting Act against the following Defendants: Equifax Information Services, LLC; Experian Information Solutions, Inc.; TransUnion, LLC; U.S. Bank; First America Corporation, Allen Rice and A through Z, being those persons of entities who are liable for the claims stated herein but whose identities are unknown to Plaintiff and will be supplied when ascertained.

2.      The time period for filing a responsive pleading in the State Court Action

has not expired as of the filing of this Notice of Removal.  No orders have been entered in the State Court Action as of the filling of this Notice of Removal.

3.     The Defendants were served with Plaintiff's Complaint on the following dates:  Allen Rice was served with Plaintiff's Complaint on March 1, 2008; First America was served with Plaintiff's Complaint on March 3, 2008; Corporation Trans Union, Experian and US Bank were served on March 4, 2008; Equifax was served with Plaintiff's Complaint on March 10, 2008.  This Notice of Removal is being filed within the thirty (30) day time period required by 28 U.S.C. §1446(b).

## B.  Grounds for Removal

4.     The present suit is an action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b), as it is a civil action founded on a claim or right arising under the laws of the United States.  Removal is thus proper because Plaintiff's claims present a federal question.   28 U.S.C. § 1441(b).   In the Complaint, Plaintiff seeks damages for Defendants' alleged violations of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*  Moreover, any future claims based on state law may be adjudicated by this Court pursuant to 28 U.S.C. § 1367.

## C.  Compliance with Procedural Requirements

5.     Pursuant to 28 U.S.C. § 1446(b), this Notice is being filed with this Court within thirty (30) days after the Defendant Trans Union, the defendant first served with the Complaint, received a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

6.     Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in this Court because it is in the district and division embracing the place where the state

court action is pending.

7.     Promptly after the filing of this Notice of Removal, Trans Union shall give written notice of the removal to the Plaintiff and will file a copy of this Notice of Removal with the Circuit Court of Mobile County, Alabama, as required by 28 U.S.C. § 1446(d).

8.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Defendant Trans Union in the State Court Action is attached hereto as Exhibit "A".

9.     Trial has not commenced in the Circuit Court of Mobile County, Alabama.

10.     All Defendants that have been served upon the date of filing of this Notice of Removal consent to the removal of this case.  Joinders in the Removal from Equifax Information Services, LLC; Experian Information Solutions, Inc.; U.S. Bank; First America Corporation, and Allen Rice are attached hereto as Exhibit "B".

WHEREFORE, Trans Union LLC respectfully prays that the action be removed to this Court and that this Court assume full jurisdiction as if it had been originally filed here.

Respectfully submitted,

s/Jeffrey U. Beaverstock
**JEFFREY U. BEAVERSTOCK**
ASB 7458-A52J
Jeff.Beaverstock@burr.com
Burr & Forman, LLP
P.O. Box 16046
Mobile, Alabama 36616
Main: (251) 344-5151
*Fax:* (251) 344-9696
***ATTORNEY FOR TRANS UNION LLC***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the following parties on March 31, 2008, as follows:

Kenneth J. Riemer   **(Via CM/RRR)**
kjr@alaconsumerlaw.com
P.O. Box 1206
Mobile, AL  36633-1206
251-432-9212
251-433-7172 (Fax)

**Counsel for Plaintiff**

Kirkland E. Reid     **(Via U.S. Mail)**
Miller, Hamilton, Snider & Odom
P.O. Box 46
Mobile, Alabama  36601
(251) 432-1414
(251) 433-4106 (Fax)
KirkReid@mhsolaw.com
**Counsel for Equifax Information Services, LLC**

Laura C. Nettles     **(Via U.S. Mail)**
Lloyd, Gray, & Whitehead, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, AL  35223
205-967-8822
205-967-2380 (fax)
**Counsel for Experian Information Solutions, Inc.**

Victor Kolodny              **(Via U.S. Mail)**
First America Corporation
2400 East Sharon Road
Cincinnati, OH  45241
513-821-1000
513-679-4896 (fax)
**Counsel for First America Corporation**

David R. Wells       **(Via U.S. Mail)**
Whitaker, Mudd, Simms, Luke & Wells
2001 Park Place North
Suite 400
Birmingham, AL 35203
(205) 639-5300
(205) 639-5350 (Fax)
**Counsel for US Bank**

Cooper Thurber     **(Via U.S. Mail)**
cct@lpclaw.com
Lyons Pipes & Cook
2 N. Royal Street
P.O. Box 2727
Mobile, AL 36652-2727
 251-432-4481
**Counsel for Allen Rice**

*s/Jeffrey U. Beaverstock*
**JEFFREY U. BEAVERSTOCK**

# EXHIBIT A

CVDS
JPMD
ADCC-6

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

EDWARD L. REESE,                              )
                                             )
            Plaintiff,                        )
                                             )
VS.                                          )       CASE NO: CV-08-0387 SHS
                                             )
EQUIFAX INFORMATION SERVICES,)
LLC; EXPERIAN INFORMATION                    )
SOLUTIONS, INC.; TRANSUNION,                 )
LLC; U.S. BANK; FIRST AMERICA                )
CORPORATION and ALLEN RICE                   )       JURY TRIAL DEMANDED
A through Z, being those persons or           )
entities who are liable for the claims        )
stated herein but whose identities are        )
unknown to Plaintiff and will be supplied )
when ascertained,                            )
                                             )
            Defendants.                       )

COMES NOW Edward Reese, by and through his undersigned attorney, and as his

Complaint against all Defendants named in the above-styled matter, shows as follows:

## PRELIMINARY STATEMENT

This case arises from the theft of Plaintiff's identity by Defendant Allen Rice, acting together

with Defendants U.S. Bank and First America Corporation. Through the wrongful actions of these

defendants, a fraudulent account was created and derogatory information relating to that account was

reported as part of Plaintiff's credit file maintained by the major credit bureaus. Once this

fraudulent account was discovered by Plaintiff, he took steps available under the federal law to

attempt to remove the fraudulent account from his credit files maintained with the major credit

reporting agencies. However, despite his providing information to the credit reporting agencies and

to U.S. Bank which conclusively demonstrated that the account was fraudulent, not steps were taken

by U.S. Bank or the credit bureaus to remove the account from Plaintiff's credit file. Plaintiff

asserts claims under state law against U.S. Bank, First America and Rice for actions taken in the

theft of Plaintiff's identity and the opening of the fraudulent account. Plaintiff asserts claims under the Fair Credit Reporting Act ("FCRA") against U.S Bank and the defendant credit reporting agencies for failing to properly investigate Plaintiff's dispute and failing to delete reporting of the fraudulent account.

**PARTIES**

1. Plaintiff is an adult resident of Mobile County, Alabama.

2. Defendant Allen Rice is an adult resident of Mobile County, Alabama.

3. Defendant Experian Information Solutions, Inc. ("Experian") is a corporation formed under the laws of the State of Ohio and has its principal place of business in the State of Ohio.

4. Defendant Equifax Information Systems, Inc. ("Equifax") is a corporation formed under the laws of the State of Georgia and has its principal place of business in the State of Georgia.

5. Defendant Transunion, LLC ("Transunion") is a company formed under the laws of the State of Delaware and has its principal place of business in the State of Illinois.

6. Defendant U.S. Bank is a company formed under the laws of the State of Delaware and has its principal place of business in the State of Minnesota.

7. Defendant First America Corporation ("First America") is a company formed under the laws of the State of Tennessee and has its principal place of business in the State of Tennessee.

8. A through Z are those persons or entities who are liable for the claims stated herein but whose identities are unknown to Plaintiff and will be supplied when ascertained.

**FACTS**

9. Prior to 2000 Plaintiff owned and was employed by Reese Funeral Home, Inc., located in Mobile. In 2000 Plaintiff sold that business to Defendant Allen Rice. Plaintiff sold all of his ownership in the business to Rice and Rice continued to operate the funeral home under the

2

name Reese Funeral Home, Inc. After the sale, Plaintiff was no longer employed by Reese Funeral Home and was not connected with that business in any way.

10. In March 2003, unbeknownst to Plaintiff, Rice applied for a finance lease of a new limousine through Defendants U.S. Bank and First America. Upon information and belief, U.S. Bank was the financing company for the lease and First America was the lessor. The application for the lease was filled out using Plaintiff's name, date of birth and social security number. The application also falsely stated that Plaintiff was the current President of Reese Funeral Home. The top part of the application identifies Plaintiff, with all his personal identifying information, as the "applicant." However, the application was signed by Allen Rice, using his own name, as the applicant.

11.     The application was reviewed and processed by Defendants U.S. Bank and First America, and/or their agents working on their behalf. It is apparent on the face of the application and obvious from even a cursory review of that document that Plaintiff did not sign that document and that the person signing as the "applicant" did not match the personal information provided on the application.

12.     In processing the application, Defendants U.S. Bank and First America, and/or agents working on their behalf, used the Plaintiff's personal credit information to pull his credit file and to evaluate and approve the application. The application was approved. Defendants U.S. Bank and First America extended the finance lease to Rice, delivered the leased limousine to him, and created a lease account (hereinafter referred to as the Rice/U.S. Bank Account").

13.     Soon after the Rice/U.S. Bank Account was created, U.S. Bank began to report information, using Plaintiff's personal identifiers, regarding that account to the major consumer reporting agencies, including Defendants Equifax, Experian and Transunion (collectively referred

3

to herein as the "CRA Defendants"). This information was reported by the CRA Defendants as part of the credit files they maintained in Plaintiff's name.

14.     At no time did Plaintiff give his consent for the use of his identity for the opening of the Rice/U.S. Bank Account.

15.     Plaintiff had no knowledge of any of the actions taken by Defendants Rice, U.S. Bank or First America regarding the application for credit or the creation of the Rice/U.S. Bank Account; nor did Plaintiff have any knowledge of the existence of that account prior to October 2006.

16.     Sometime after the creation of the Rice/U.S. Bank Account, Rice defaulted on the lease. As a result, U.S. Bank began to report to the CRA Defendants that Plaintiff was in default on the lease.

17.     Sometime near the beginning of October 2006, Plaintiff discovered that U.S. Bank, an entity that he had never dealt with, was reporting derogatory credit information to his credit files maintained by the CRA Defendants.

18.     On or about October 2, 2006, Plaintiff contacted U.S. Bank about the account. Plaintiff spoke by phone to a U.S. Bank representative who told him that their records confirmed that he was the debtor in the account. Plaintiff assured the representative that he never agreed to open any account with U.S. Bank and he asked for a copy of the bank's records. The representative then faxed to Plaintiff a copy of the application but signed by Rice. Plaintiff contacted U.S. Bank after receipt of the fax, pointed out to them that he did not sign the application and that the signature did not match the credit information provided. Plaintiff asked that his name be removed from the account. U.S. Bank refused to take any action to correct the account.

19.     Plaintiff then contacted the CRA Defendants and, on repeated occasions, disputed the reporting of the Rice/U.S. Bank Account with each of the CRA Defendants. Plaintiff requested

4

that the account be removed from his credit file. Plaintiff submitted to each of the CRA Defendants documents conclusively demonstrating that he did not sign the credit application and that the personal identifiers used to obtain the credit did not match the signature on the application.

20.    In addition to the disputes made to the CRA Defendants, Plaintiff also disputed the account directly to U.S. Bank and supplied to it the same supporting documentation sent to the CRA Defendants.

21.    The CRA Defendants repeatedly verified the reporting of the Rice/U.S. Bank Account in response to Plaintiff's disputes. U.S. Bank, after receiving Plaintiff's disputes, reportedly verified to the CRA Defendants that the Rice/U.S. Bank Account belonged to Plaintiff.

22.    Plaintiff has suffered damage as a proximate result of the Defendants' failure to remove the tradeline associated with the Rice/U.S. Bank Account from Plaintiff's credit file.

## COUNT I
## (FCRA VIOLATIONS BY EQUIFAX)

23.    Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

24.    This count states claims for negligent and willful violations of the Fair Credit Reporting Act ("FCRA") against Defendant Equifax pursuant to 15 U.S.C. § § 1681o and 1681n.

25.    Defendant Equifax is a "consumer reporting agency" as that term is defined in FCRA.

26.    Equifax has reported false and derogatory credit information regarding Plaintiff and the Rice/U.S. Bank Account. This information was reported to third parties, including Plaintiff's potential lenders and others who may in a position of evaluating Plaintiff's creditworthiness, credit standing, credit capacity, character and general reputation. This false and derogatory information was, at all relevant times, reported by Equifax to said third parties by a "consumer report" as that

5

term is defined in the FCRA.

27. Plaintiff has notified Equifax that the information being reported on his credit file relating to the Rice/U.S. Bank Account was false. Each such notification constitutes a consumer dispute within the meaning of 15 U.S.C. § 1681i.

28. Equifax failed in its duty to reasonably investigate Plaintiff's disputes. Equifax merely parroted the information supplied by U.S. Bank, verifying the false information without conducting any reasonable independent investigation. As a result, the false and derogatory information was verified and has remained on Plaintiff's credit file. Equifax knew or should have known that the information being reported by U.S. Bank was false, inadequate and not verifiable.

29. Defendant Equifax failed to comply with the requirements of the FCRA in one or more of the following ways:

A. By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information it published in its reports relative to Plaintiff;

B. By willfully and/or negligently failing to comply with 15 U.S.C. § 1681i, including but not limited to the willful and/or negligent failure to conduct a reasonable reinvestigation to determine whether the disputed information was accurate, complete and verifiable;

C. By willfully and/or negligently failing to delete information which Equifax knew or, had a reasonable investigation been conducted, should have known was inaccurate, incomplete and/or could not be verifiable.

30. As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to, the loss of credit, damage to reputation, loss of the ability to purchase and benefit

from credit; mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

31.     Equifax's acts and/or omission made in violation of the FCRA were willful, entitling Plaintiff to recover the remedies provided in 15 U.S.C. §1681n.

32.     Equifax's acts and/or omissions made in violation of the FCRA were negligently made, entitling the Plaintiff to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant Equifax for negligent and wilful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT II
## (FCRA VIOLATIONS BY EXPERIAN)

33.     Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

34.     This count states claims for negligent and willful violations of the Fair Credit Reporting Act ("FCRA") against Defendant Experian pursuant to 15 U.S.C. § § 1681o and 1681n.

35.     Defendant Experian is a "consumer reporting agency" as that term is defined in FCRA.

36.     Experian has reported false and derogatory credit information regarding Plaintiff and the Rice/U.S. Bank Account. This information was reported to third parties, including Plaintiff's potential lenders and others who may in a position of evaluating Plaintiff's creditworthiness, credit standing, credit capacity, character and general reputation. This false and derogatory information

7

was, at all relevant times, reported by Experian to said third parties by a "consumer report" as that term is defined in the FCRA.

37.     Plaintiff has notified Experian that the information being reported on his credit file relating to the Rice/U.S. Bank Account was false. Each such notification constitutes a consumer dispute within the meaning of 15 U.S.C. § 1681i.

38.     Experian failed in its duty to reasonably investigate Plaintiff's disputes. Experian merely parroted the information supplied by U.S. Bank, verifying the false information without conducting any reasonable independent investigation. As a result, the false and derogatory information was verified and has remained on Plaintiff's credit file. Experian knew or should have known that the information being reported by U.S. Bank was false, inadequate and not verifiable.

39.     Defendant Experian failed to comply with the requirements of the FCRA in one or more of the following ways:

A.      By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information it published in its reports relative to Plaintiff;

B.      By willfully and/or negligently failing to comply with 15 U.S.C. § 1681i, including but not limited to the willful and/or negligent failure to conduct a reasonable reinvestigation to determine whether the disputed information was accurate, complete and verifiable;

C.      By willfully and/or negligently failing to delete information which Equifax knew or, had a reasonable investigation been conducted, should have known was inaccurate, incomplete and/or could not be verifiable.

40.     As a proximate result of this conduct, Plaintiff suffered actual damages including,

8

but not limited to, the loss of credit, damage to reputation, loss of the ability to purchase and benefit from credit; mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

41.    Experian's acts and/or omission made in violation of the FCRA were willful, entitling Plaintiff to recover the remedies provided in 15 U.S.C. §1681n.

42.    Experian's acts and/or omissions made in violation of the FCRA were negligently made, entitling the Plaintiff to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant Experian for negligent and wilful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT III
## (FCRA VIOLATIONS BY TRANSUNION)

43.    Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

44.    This count states claims for negligent and willful violations of the Fair Credit Reporting Act ("FCRA") against Defendant Transunion pursuant to 15 U.S.C. § § 1681o and 1681n.

45.    Defendant Transunion is a "consumer reporting agency" as that term is defined in FCRA.

46.    Transunion has reported false and derogatory credit information regarding Plaintiff and the Rice/U.S. Bank Account. This information was reported to third parties, including Plaintiff's potential lenders and others who may in a position of evaluating Plaintiff's

creditworthiness, credit standing, credit capacity. character and general reputation. This false and derogatory information was, at all relevant times, reported by Transunion to said third parties by a "consumer report" as that term is defined in the FCRA.

47.     Plaintiff has notified Transunion that the information being reported on his credit file relating to the Rice/U.S. Bank Account was false. This notification constitutes a consumer dispute within the meaning of 15 U.S.C. § 1681i.

48.     Transunion failed in its duty to reasonably investigate Plaintiff's disputes. Transunion merely parroted the information supplied by U.S. Bank, verifying the false information without conducting any reasonable independent investigation. As a result, the false and derogatory information was verified and has remained on Plaintiff's credit file. Transunion knew or should have known that the information being reported by U.S. Bank was false

49.     Defendant Transunion failed to comply with the requirements of the FCRA in one or more of the following ways:

A.      By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information it published in its reports relative to Plaintiff;

B.      By willfully and/or negligently failing to comply with 15 U.S.C. § 1681i, including but not limited to the willful and/or negligent failure to conduct a reasonable reinvestigation to determine whether the disputed information was accurate, complete and verifiable;

C.      By willfully and/or negligently failing to delete information which Equifax knew or, had a reasonable investigation been conducted, should have known was inaccurate, incomplete and/or could not be verifiable.

10

50. As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to, the loss of credit, damage to reputation, loss of the ability to purchase and benefit from credit; mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

51. Transunion's acts and/or omission made in violation of the FCRA were willful, entitling Plaintiff to recover the remedies provided in 15 U.S.C. §1681n.

52. Transunion's acts and/or omissions made in violation of the FCRA were negligently made, entitling the Plaintiff to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant Transunion for negligent and wilful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT IV
## (FCRA VIOLATIONS BY U.S. BANK)

53. Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

54. This is a claim for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*

55. Defendant U.S. Bank furnishes credit information to consumer credit reporting agencies ("CRAs") as those terms are defined by FCRA. U.S. Bank is subject to requirements of FCRA, including those duties set out in 15 U.S.C. §1681s-2(b).

56. At all relevant times, U.S. Bank provided derogatory and false credit information to

11

the CRAs, including, but not limited to, Defendants Equifax, Transunion and Experian. This false and derogatory information was reported by said CRAs to third parties. These third parties include Plaintiff's potential lenders and others who were in a position of evaluating Plaintiff's creditworthiness, credit standing, credit capacity, character and general reputation.

57.   As stated above, Plaintiff notified Equifax, Experian and Transunion of his dispute of the false information being reported by U.S. Bank. Upon information and belief, the CRAs forwarded Plaintiff's disputes to U.S. Bank. In addition to the information provided by the CRAs to U.S. Bank, Plaintiff directly provided information to U.S. Bank which conclusively demonstrated that he did not owe any debt relating to the Rice/U.S. Bank Account and did not sign any application for credit relating to that account.

58.   U.S. Bank Account knew or should have known that the information it was reporting regarding Plaintiff was false. The dispute made by Plaintiff to the CRA Defendants were forwarded to Defendant U.S. Bank. At the time it received notice of Plaintiff's disputes, U.S. Bank knew, or should have known, that Plaintiff had directly disputed the debt, that Plaintiff's personal information was used to open the account and that he did not sign the application. In short, U.S. Bank knew, when it received the CRA dispute, that the account opened and maintained in his name was fraudulent.

59.   U.S. Bank was required under 15 U.S.C § 1681s-2(b), to conduct a reasonable investigation of the disputes made by Plaintiff through the CRAs by completing a diligent inquiry into the facts underlying its reporting and by providing accurate information to the credit reporting agencies regarding that reporting. U.S. Bank was required to request deletion of the account if, after a diligent search of its records and review of the information made available to it, Plaintiff's liability under the Rice/U.S. Bank Account could not be verified. Even a cursory review of

12

documents in its own file, and certainly any reasonable investigation, would have revealed to U.S. Bank that Plaintiff's liability under the disputed account could not be verified.

60.     Despite its knowledge that the information being reported on Plaintiff's credit file was false and despite the complete absence of any basis for concluding that Mr. Reese signed the application for credit which resulted in the opening of the Rice/U.S. Bank Account, U.S. Bank verified the false and derogatory information as accurate, knowing that by doing so Plaintiff's creditworthiness would be damaged.

61.     Defendant U.S. Bank has taken actions which violate FCRA, specifically 15 U.S.C. §1681s-2(b), including, but not limited to, the following:

A.     Failing to fully and properly investigate the Plaintiff's disputes of the reporting of the false and derogatory information;

B.     Failing to review all relevant information regarding Plaintiff's disputes and/or by disregarding that information after review;

C.     After receiving notice of Plaintiff's disputes, continuing to report derogatory information on Plaintiff's credit file regarding the alleged debt as to which U.S. Bank knew or should have known, had it conducted an adequate investigation, to be incomplete, inaccurate and/or not verifiable.

D.     Failing to modify, delete or permanently block the reporting of credit information regarding Plaintiff which U.S. Bank knew or should have know to be incomplete, inaccurate and/or not verifiable.

E.     Failing to accurately respond to Plaintiff's disputes made through the CRAs after receipt of those disputes.

62.     As a proximate result of this conduct, Plaintiff suffered actual damages including,

13

but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit; mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

63.    U.S. Bank's acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiff to recover the remedies provided in 15 U.S.C. §1681n.

64.    U.S. Bank's acts and/or omissions made in violation of the FCRA were negligently made, entitling the Plaintiff to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant U.S. Bank for negligent and willful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT V
## (DEFAMATION BY U.S. BANK)

65.    Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

66.    U.S. Bank published false and defamatory information to third parties to the effect that Plaintiff was liable on the Rice/U.S. Bank Account and that he had failed to comply with his credit obligations. This false and defamatory information was published on multiple occasions to third parties including, but not limited to, the Defendant CRAs and to persons or entities who accessed his credit file, including all Plaintiff's potential lenders.

67.    U.S. Bank had no factual basis for making the statements relating to Plaintiff and the Rice/U.S. Bank Account Information was repeatedly supplied to U.S. Bank conclusively demonstrating that Plaintiff's identity had been appropriated without his consent in order to create

14

the Rice/U.S. Bank Account for someone else and that Plaintiff did not owe the debt created under that account.

68.    Plaintiff has repeatedly requested that U.S. Bank cease the false reporting and retract the false statements.

58.    The written publications by Defendants constitute liable per se.

59.    U.S. Bank acted with malice by continuing to report the information on his credit reports. Moreover, U.S. Bank acted with malice by obstructing the reinvestigation of Plaintiff's consumer disputes when it advised credit reporting agencies, credit grantors, and collection agencies that the disputed information on the account was that of the Plaintiff. Defendants' acts constitute express or actual malice.

61.    As a direct and proximate result of U.S. Bank's defamation, Plaintiff has suffered extreme mental anguish and suffering, loss of reputation, loss of the ability to obtain credit and pecuniary damages. The losses are either permanent in nature or continuing and Plaintiff will suffer losses in the future. U.S. Bank's actions were malicious, willful, wanton, and in total disregard of Plaintiff's rights.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant U.S. Bank Account for defamation and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT VI
## (NEGLIGENCE BY U.S. BANK)

69.    Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

15

70.    This claim is not premised on the acts or omissions made by U.S. Bank in the reporting or furnishing of credit information by U.S. Bank to any consumer reporting agency.

71.    At all times relevant herein, U.S. Bank operated financial banking institutions throughout the United States.

72.    During the operation of its bank and in the ordinary course of its business, U.S. Bank accepted loan applications and arranged financing for its customers.

73.    U.S. Bank was at all relevant times on notice that identity theft is a nationwide problem and one of the fastest growing crimes in the nation. U.S. Bank was also on notice that identity theft is often committed by the appropriation of the victim's personal information for use in the completion of an application for credit for the benefit of the thief. U.S. Bank was also on notice that the prevalence of this crime necessitated that procedures be in place to ensure that the signature on an application matched the personal identifiers used for applying for credit.

74.    Even the most cursory review of the credit application that created the Rice/U.S. Bank Account, and the other documents relating to the account, would have revealed to U.S. Bank that the application was not signed by Plaintiff bu that his name, date of birth and social security number were used in the completion of the application. This should have alerted U.S. Bank to the fact that Plaintiff's identity was appropriated to open the account and that the account was false.

75.    U.S. Bank knew or should have known that the application submitted giving rise to the Rice/U.S. Bank Account was not signed by Plaintiff and that his personal identifiers were appropriated by a third party for purposes of obtaining credit.

76.    U.S. Bank failed to invoke necessary functions, procedures or programs designed to ensure that the personal identifiers of persons such as the Plaintiff would not be used in fraudulent transactions and U.S. Bank did not employ commercially reasonable means to verify that the

16

person(s) signing the loan agreements agreement was not an imposter.

77. U.S. Bank, through their agents and employees, prepared and/or reviewed for approval the loan application and agreement in connection with the Rice/U.S. Bank Account.

78. U.S. Bank's acts and omission made in connection with the review and approval of the application and other documents relating to the Rice/U.S. Bank Account were negligent.

79. U.S. Bank negligently supervised its employees and/or agents in the financing of consumer transactions and the prevention of identity theft by either, knowing or should have known of the unfitness of the agents and employees, and yet employed them or continued to employ them or used their services without proper instruction with a disregard of the rights of the Plaintiff; authorizing the negligent or wrongful conduct of said agents set forth hereby; or ratifying the negligent or wrongful conduct of the agents and employees as set forth herein; and said wrongful or negligent acts of agents were calculated to and did benefit U.S. Bank.

80. U.S. Bank negligently failed to employ reasonable procedures to properly supervise its employees or agents in order to prevent the theft of Plaintiff's identity, which was a foreseeable consequence and a direct result of such failure.

81. Plaintiff has suffered damage as a result of the negligence of U.S. Bank.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant U.S. Bank for negligence and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT VII
## (WANTONNESS BY U.S. BANK)

82. Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set

17.

out herein.

83.     This claim is not premised on the acts or omissions made by U.S. Bank in the reporting or furnishing of credit information by U.S. Bank to any consumer reporting agency.

84.     At all times relevant herein Defendant U.S. Bank, operated financial banking institutions throughout the United States.

85.     During the operation of its bank and in the ordinary course of its business, U.S. Bank accepted loan applications and arranged financing for its customers.

86.     U.S. Bank was at all relevant times on notice that identity theft is a nationwide problem and one of the fastest growing crimes in the nation. U.S. Bank was also on notice that identity theft is often committed by the appropriation of the victim's personal information for use in the completion of an application for credit for the benefit of the thief. U.S. Bank was also on notice that the prevalence of this crime necessitated that procedures be in place to ensure that the signature on an application matched the personal identifiers used for applying for credit.

87.     U.S. Bank failed to invoke necessary functions, procedures or programs designed to ensure that the personal identifiers of persons such as the Plaintiff would not be used in fraudulent transactions and U.S. Bank did not employ commercially reasonable means to verify that the person(s) signing the loan agreements agreement was not an imposter.

88.     U.S. Bank knew or should have known that the application submitted giving rise to the Rice/U.S. Bank Account was not signed by Plaintiff and that his personal identifiers were appropriated by a third party for purposes of obtaining credit.

89.     U.S. Bank wantonly failed to invoke necessary functions, procedures or programs designed to ensure that the personal identifiers of persons such as the Plaintiff would not be used in fraudulent transactions and U.S. Bank did not employ commercially reasonable means to verify

18

that the person(s) signing the loan agreements agreement was not an imposter.

90.     U.S. Bank, through their agents and employees, prepared and/or reviewed for approval the loan application and agreement in connection with the Rice/U.S. Bank Account.

91.     U.S. Bank's acts and omission made in connection with the review and approval of the application and other documents relating to the Rice/U.S. Bank Account constitute wantonness and were made with a wanton, reckless or conscious disregard for the Plaintiff's rights and welfare.

92.     U.S. Bank wantonly supervised its employees and/or agents in the financing of consumer transactions and the prevention of identity theft by either, knowing or should have known of the unfitness of the agents and employees, and yet employed them or continued to employ them or used their services without proper instruction with a disregard of the rights of the Plaintiff, authorizing the wrongful conduct of said agents set forth hereby; or ratifying the wrongful conduct of the agents and employees as set forth herein; and said wrongful acts of agents were calculated to and did benefit U.S. Bank.

93.     U.S. Bank negligently failed to employ reasonable procedures to properly supervise its employees or agents in order to prevent the theft of Plaintiff's identity, which was a foreseeable consequence and a direct result of such failure.

94.     The acts and omission alleged herein and made in connection with U.S. Bank's supervision of its agents and/or employees, as well as the failure to employ reasonable procedures aimed at detecting and preventing identity theft, constitute wantonness and were made with a wanton, reckless or conscious disregard for the Plaintiff's rights and welfare.

95.     Plaintiff has suffered damage as a result of the wantonness of U.S. Bank.

WHEREFORE, Plaintiff requests that this Court enter a judgment against U.S. Bank for wantonness and award Plaintiff compensatory damages, including damages for mental anguish and

emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT VIII
## (NEGLIGENCE BY FIRST AMERICA)

96.    Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

97.    This claim is not premised on any acts or omission made by First America in the reporting or furnishing of credit information by First America to any consumer reporting agency.

98.    At all times relevant herein defendant, First America, operated a finance leasing business throughout the United States.

99.    During and in the ordinary course of its business, First America and/or its agents, worked with applicants in the preparation of credit applications, reviewed and accepted credit applications and arranged financing of the leases it extended.

100.    First America was at all relevant times on notice that identity theft is a nationwide problem and one of the fastest growing crimes in the nation. First America was also on notice that identity theft is often committed by the appropriation of the victim's personal information for use in the completion of an application for credit for the benefit of the thief. First America was also on notice that the prevalence of this crime necessitated that procedures be in place to ensure that the signature on an application matched the personal identifiers used for applying for credit.

101.    Even the most cursory review of the credit application that created the Rice/U.S. Bank Account, and the other documents relating to the account, would have revealed to First America that the application was not signed by Plaintiff, but that his name, date of birth and social security number were used in the completion of the application. This should have alerted U. S. Bank

20

to the fact that Plaintiff's identity was appropriated to open the account and that the account was false.

102.    First America knew or should have known that the application submitted giving rise to the Rice/U.S. Bank Account was not signed by Plaintiff and that his personal identifiers were appropriated by a third party for purposes of obtaining credit.

103.    First America failed to invoke necessary functions, procedures or programs designed to insure that the personal identifiers of persons such as the Plaintiff would not be used in fraudulent transactions and did not employ commercially reasonable means to verify that the person(s) signing the loan agreements agreement was not an imposter.

104.    First America, through their agents and employees, prepared and/or reviewed for approval the loan application and the lease agreement in connection with the Rice/U.S. Bank Account.

105.    First America's acts and omission made in connection with the review, processing and approval of the application and other documents relating to the Rice/U.S. Bank Account were negligent.

106.    First America negligently supervised its employees and/or agents in the financing of consumer transactions and the prevention of identity theft by either, knowing or should have known of the unfitness of the agents and employees, and yet employed them or continued to employ them or used their services without proper instruction with a disregard of the rights of the Plaintiff; authorizing the negligent or wrongful conduct of said agents set forth hereby; or ratifying the negligent or wrongful conduct of the agents and employees as set forth herein; and said wrongful or negligent acts of agents were calculated to and did benefit First America.

107.    First America negligently failed to employ reasonable procedures to properly

21

supervise its employees or agents in order to prevent the theft of plaintiff's identity, which was a foreseeable consequence and a direct result of such failure.

108.    Plaintiff has suffered damage as a result of the negligence of First America.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant First America for negligence and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT IX
## (WANTONNESS BY FIRST AMERICA)

109.    Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

110.    This claim is not premised on the acts or omission made by First America in the reporting or furnishing of credit information by First America to any consumer reporting agency.

111.    At all times relevant herein, Defendant First America operated a finance leasing business throughout the United States.

112.    During and in the ordinary course of its business, First America and/or its agents, worked with applicants in the preparation of credit applications, reviewed and accepted credit application and arranged financing of the leases it extended.

113.    First America was at all relevant times on notice that identity theft is a nationwide problem and one of the fastest growing crimes in the nation. First America was also on notice that identity theft is often committed by the appropriation of the victim's personal information for use in the completion of an application for credit for the benefit of the thief. First America was also on notice that the prevalence of this crime necessitated that procedures be in place to ensure that the

22

signature on an application matched the personal identifiers used for applying for credit.

114. Even the most cursory review of the credit application that created the Rice/U.S. Bank Account, and the other documents relating to the account, would have revealed to First America that the application was not signed by Plaintiff, but that his name, date of birth and social security number were used in the completion of the application.

115. First America knew or should have known that the application submitted giving rise to the Rice/U.S. Bank Account was not signed by Plaintiff and that his personal identifiers were appropriated by a third party for purposes of obtaining credit.

116. First America wantonly failed to invoke necessary functions, procedures or programs designed to insure that the personal identifiers of persons such as the Plaintiff would not be used in fraudulent transactions and did not employ commercially reasonable means to verify that the person(s) signing the loan agreements agreement was not an imposter.

117. First America, through their agents and employees, prepared and/or reviewed for approval the loan application and the lease agreement in connection with the Rice/U.S. Bank Account.

118. First America's acts and omission made in connection with the review, approval and processing of the application and other documents relating to the Rice/U.S. Bank Account constitute wantonness and were made with a wanton, reckless or conscious disregard for the Plaintiff's rights and welfare.

119. First America wantonly supervised its employees and/or agents in the financing of consumer transactions and the prevention of identity theft by either, knowing or should have known of the unfitness of the agents and employees, and yet employed them or continued to employ them or used their services without proper instruction with a disregard of the rights of the Plaintiff;

authorizing the wrongful conduct of said agents set forth hereby; or ratifying the wrongful conduct of the agents and employees as set forth herein; and said wrongful acts of agents were calculated to and did benefit First America.

120.   First America negligently failed to employ reasonable procedures to properly supervise its employees or agents in order to prevent the theft of Plaintiff's identity, which was a foreseeable consequence and a direct result of such failure.

121.   The acts and omission alleged herein and made in connection with First America's supervision of its agents and/or employees, as well as the failure to employ reasonable procedures aimed at detecting and preventing identity theft, constitute wantonness and were made with a wanton, reckless or conscious disregard for the Plaintiff's rights and welfare.

122.   Plaintiff has suffered damage as a result of the wantonness of First America.

WHEREFORE, Plaintiff requests that this Court enter a judgment against First America for wantonness and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs.  Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT X
## (VIOLATION OF THE ALABAMA THE CONSUMER IDENTITY PROTECTION ACT BY ALLEN RICE)

123.   Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

124.   This claim is brought pursuant to the Alabama Consumer Identity Protection Act, Section 13A-8-190 *et seq.*, Alabama Code (1975).

125.   Allen Rice without the authorization, consent, or permission of the Plaintiff and with the intent to defraud Plaintiff for Rice's own benefit and/or the benefit of others, obtained records

24

or accessed identifying information that would assist in accessing financial resources, obtaining identification documents, or obtaining benefits of the Plaintiff and obtained goods or services through the use of identifying information of the Plaintiff. The actions taken by Rice constitute identity theft as defined in Ala Code Section 13A-8-192.

126.    The financial loss to Plaintiff resulting from Rice's unlawful actions exceeds $500.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant Rice for violation of the Alabama Consumer Identity Protection Act and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus attorneys fees and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT XI
## (CONSPIRACY)

127.    Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

128.    Defendants U.S. Bank and First America conspired and acted in concert with Allen Rice by negligently, wantonly and fraudulently formulating and implementing the plan to deceive and defraud Plaintiff by opening up a finance lease account for Allen Rice with the use of Plaintiff's personal identifiers. Their acts in the use of Plaintiff's personal identification information were committed with a design to benefit themselves and with known, expected or easily foreseen damage to the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants U.S. Bank, First America and Allen Rice, jointly and severally, and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs.

25

Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

KENNETH J. RIEMER (RIEMK8712)
One of the Attorneys for Plaintiff
Post Office Box 1206
Mobile, Alabama 36633-1206
Telephone:    (251)   432-9212
Facsimile:     (251)   433-7172

## DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:

**Equifax Information Services, LLC**
**P. O. Box 105069**
**Atlanta, GA 30348**

**Experian Information Solutions, Inc.**
**P. O. Box 2002**
**Allen, TX 75013**

**Transunion, LLC**
**P. O. Box 2000**
**Chester, PA 19022-2000**

**U. S. Bank**
**U.S. Bancorp Center**
**800 Nicollet Mall**
**Minneapolis, MN 55402**

**First America Corporation**
**2400 East Sharon Road**
**Cincinnati, Ohio 45241**

**Allen Rice**
**925 Bessemer Avenue**
**Prichard, AL 36610**



26

| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93   Rev. 5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>☐C☐V☐2☐0☐0☐8☐ ☐ ☐3☐8☐7·☐<br>Date of Filing:  ☐0☐2☐ ☐2☐2☐ ☐2☐0☐0☐8☐  Judge Code:<br>Month   Day   Year |

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____Mobile_____, **ALABAMA**

_(Name of County)_

_Ed Reese_ _____
**Plaintiff**

v. _Equifax Informations Systems, LLC et al._
**Defendant**

**First Plaintiff**  ☐ Business  ☒ Individual
☐ Government  ☐ Other

**First Defendant**  ☒ Business  ☐ Individual
☐ Government  ☐ Other

**NATURE OF SUIT:**  Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☒ TOXX - Other: _Identity Theft_

**TORTS: PROPERTY INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction
Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** (check one):
**F** ☒ INITIAL FILING
**R** ☐ REMANDED
**A** ☐ APPEAL FROM DISTRICT COURT
**T** ☐ TRANSFERRED FROM OTHER CIRCUIT COURT
**O** ☐ OTHER:

**HAS JURY TRIAL BEEN DEMANDED?**  ☒ YES  ☐ NO   Note:  Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**  ☒ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
☐R☐I☐E☐0☐0☐3☐   _2/22/08_
Date

_[signature]_
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES  ☐ NO  ☒ UNDECIDED

**Locator #**      **SUMMONS-CIVIL**      **Case Number CV** _08 - 00387_

**Date Prepared**

**Debtor #**

**IN THE**     **Circuit**     **COURT OF**     **Mobile**     **COUNTY**

**Plaintiff**    **Edward L. Reese**

**NOTICE TO: Equifax Information Services, LLC, P. O. Box 105069, Atlanta, GA 30348**

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY _Kenneth J. Riemer_ WHOSE ADDRESS IS _166 Government Street, Suite 100, Mobile, Alabama 36602_ THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _30_ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.**

[ ]    **TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.**

[x]    **This service by certified mail of this summons is initiated upon the written request of the_____ pursuant to Rule 4.1 (c) of the Alabama Rules of Civil Procedure.**

**FEB 2.2 2008**

**DATE**          **CLERK/REGISTER** JoJo Schwarzauer, Circuit Clerk

MOBILE COUNTY-CIVIL DIVISION

Mobile Government Plaza, Room C936
205 Government Street
Mobile, Alabama 36644-2936

**RETURN ON SERVICE**

[ ] **Certified Mail return receipt received in this office**
     **(Return receipt hereto attached)**

[ ] **I certify that I personally delivered a copy of the Su** _____ **in** _____

_____

**Date**

_____

**Address of Server**

U.S. Postal Service
**CERTIFIED MAIL   RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Por | |

Sent To: Equifax Information Services, LLC
Street, Apt. or PO Box: P. O. Box 105069
City, State: Atlanta, GA 30348

7070 0766 0002 3450 7005

Locator #           **SUMMONS-CIVIL**      Case Number CV _08 - 00387_

**Date Prepared**

Debtor #
**IN THE** ___ **Circuit** ___ **COURT OF** ___ **Mobile** ___ **COUNTY**

**Plaintiff** ___ Edward L. Reese ___

**NOTICE TO:** Experian Information Solutions, Inc., P. O. Box 2002, Allen, TX 75013

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY ___ Kenneth J. Riemer ___ WHOSE ADDRESS IS 166 Government Street, Suite 100, Mobile, Alabama 36602 ___ THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___ 30 ___ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.**

[ ]    **TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[**x**]    This service by certified mail of this summons is initiated upon the written request of the_____ pursuant to Rule 4.1 (c) of the Alabama Rules of Civil Procedure.

      FEB 2 2 2008

_____     _Schwarzauer_ **By:**
**DATE**              **CLERK/REGISTER**

                   JoJo Schwarzauer, Circuit Clerk
                   MOBILE COUNTY-CIVIL DIVISION
                   Mobile Government Plaza, Room C936
**RETURN ON SERVICE**          205 Government Street
                   Mobile, Alabama 36644-2836

[ ] Certified Mail return receipt received in this office.
     (Return receipt hereto attached)

[ ] I certify that I personally delivered a copy of the Su_____
               in _____

_____
**Date**

_____
**Address of Server**

U.S. Postal Service
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To: Experian Information Solutions, Inc.
Street, Apt. No.; or PO Box No.: P. O. Box 2002
City, State, ZIP+4: Allen, TX 75013

**Locator #**

**SUMMONS-CIVIL**

**Case Number CV** $08-00387$

**Date Prepared**

**Debtor #**

**IN THE**    **Circuit**      **COURT OF**    **Mobile**      **COUNTY**

**Plaintiff**    **Edward L. Reese**

**NOTICE TO:** Transunion, LLC, P. O. Box 2000, Chester, PA 19022-2000

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY** _Kenneth J. Riemer_ **WHOSE ADDRESS IS** 166 Government Street, Suite 100, Mobile, Alabama 36602 **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN** 30 **DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.**

[ ]    **TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or** 4.4(b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[X]    This service by certified mail of this summons is initiated upon the written request of the _____ pursuant to Rule 4.1 (c) of the Alabama Rules of Civil Procedure.

**FEB 2 2 2008**      _Schwarzauer_ **By:** _____

**DATE**      **CLERK/REGISTER** John Schwarzauer, Circuit Clerk
MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza, Room C936
205 Government Street
Mobile, Alabama 36644-2936

**RETURN ON SERVICE**

[ ] Certified Mail return receipt received in this offi
     (Return receipt hereto attached)

[ ] I certify that I personally delivered a copy of the
     _____ in_____

**Date** _____

**Address of Server** _____

U.S. Postal Service
**CERTIFIED MAIL**  RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | |

Transunion, LLC

_Sent To_ P. O. Box 2000

_Street, Apt. No.; or PO Box No._ Chester, PA 19022-2000

_City, State, ZIP+4_

Locator #         **SUMMONS-CIVIL**      Case Number CV _08 - 0038 7_

**Date Prepared**

Debtor #
**IN THE**     **Circuit**      **COURT OF**      **Mobile**      **COUNTY**

**Plaintiff**    **Edward L. Reese**

NOTICE TO: <u>U.S. Bank, U.S. Bancorp Center, 800 Nicollet Mall, Minneapolis, MN 55402</u>

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY** <u>Kenneth J. Riemer</u> **WHOSE ADDRESS IS** <u>166 Government Street, Suite 100, Mobile, Alabama 36602</u> **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN** <u>30</u> **DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.**

[ ]    <u>**TO ANY SHERIFF OR ANY PERSON AUTHORIZED**</u> **by either rules 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.**

[X]    **This service by certified mail of this summons is initiated upon the written request of the** _____ **pursuant to Rule 4.1 (c) of the Alabama Rules of Civil Procedure.**

_FEB 2 2 2008_        _Schwarzauer_      **By:** _____
**DATE**             **CLERK/REGISTER**    JoJo Schwarzauer, Circuit Clerk
                                         MOBILE COUNTY-CIVIL DIVISION
                                         Mobile Government Plaza, Room C936
                                         205 Government Street
                                         Mobile, Alabama 36644-2936

**RETURN ON SERVICE**

[ ] **Certified Mail return receipt received in this office on** _____
     **(Return receipt hereto attached)**

[ ] **I certify that I personally delivered a copy of the Sum** _____
     _____ **in** _____

_____

**Date** _____

**Address of Server** _____

| | |
|---|---|
| **U.S. Postal Service** | |
| **CERTIFIED MAIL. RECEIPT** | |
| (Domestic Mail Only. No Insurance Coverage Provided) | |
| For delivery information visit our website at www.usps.com | |
| **OFFICIAL USE** | |
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | U. S. Bank |
| Sent To | U.S. Bancorp Center |
| Street, Apt. No. or PO Box No. | 800 Nicollet Mall |
| City, State, ZIP | Minneapolis, MN 55402 |

(vertical numbers along left edge of receipt): 7100 0766 0002 3450 2005

Locator #                    **SUMMONS-CIVIL**        Case Number CV $08$-$387$

**Date Prepared**

Debtor #
**IN THE** _____ **Circuit** _____        **COURT OF** _____    **Mobile** _____        **COUNTY**

**Plaintiff**   **Edward L. Reese**

NOTICE TO: <u>First America Corporation, 2400 East Sharon Road, Cincinnati, OH 45241</u>

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE
IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO
MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING
EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY __Kenneth J. Riemer__
WHOSE ADDRESS IS <u>166 Government Street, Suite 100, Mobile, Alabama 36602</u>    THIS ANSWER MUST
BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE
DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE
MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE
ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

[ ]    <u>TO ANY SHERIFF OR ANY PERSON AUTHORIZED</u> by either rules 4.1(b)(2) or 4.2(b)(2) or
4.4(b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this
summons and a copy of the complaint in this action upon the defendant.

[X]    This service by certified mail of this summons is initiated upon the written request of the____
pursuant to Rule 4.1 (c) of the Alabama Rules of Civil Procedure.

FEB 2 2 2008

_____                    _Schwarzauer_ By:
**DATE**                              CLERK/REGISTER   John Schwarzauer, Circuit Clerk
                                                 **MOBILE COUNTY-CIVIL DIVISION**
                                                 Mobile Government Plaza, Room C936
                                                 205 Government Street
**RETURN ON SERVICE**                             Mobile, Alabama 36644-2936

[ ] Certified Mail return receipt received in this office
    (Return receipt hereto attached)

[ ] I certify that I personally delivered a copy of the Su
    _____ in_____

**Date**

**Address of Server**

**U.S. Postal Service**
**CERTIFIED MAIL . RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

**O F F I C I A L   U S E**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | |

Postmark Here

Sent To   First America Corporation
             2400 East Sharon Road
Street, Apt. No;   Cincinnati, Ohio 45241
or PO Box No.
City, State, ZIP

Locator # _____                **SUMMONS-CIVIL**        Case Number CV _08 - 00387_

**Date Prepared** _____

Debtor # _____
**IN THE** _____ **Circuit** _____         **COURT OF** _____    **Mobile** _____   **COUNTY**

**Plaintiff** _ Edward L. Reese _____

**NOTICE TO:** _ Allen Rice, 925 Bessemer Avenue, Prichard, AL 36610 _____

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE
IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO
MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING
EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY** _ Kenneth J. Riemer _
**WHOSE ADDRESS IS** _166 Government Street, Suite 100, Mobile, Alabama 36602_ **THIS ANSWER MUST
BE MAILED OR DELIVERED WITHIN** _30_ **DAYS AFTER THIS SUMMONS AND COMPLAINT WERE
DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE
MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE
ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.**

[ ]     **TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1(b)(2) or 4.2(b)(2) or**
        4.4(b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this
        summons and a copy of the complaint in this action upon the defendant.

[x]     This service by certified mail of this summons is initiated upon the written request of the_____
        pursuant to Rule 4.1 (c) of the Alabama Rules of Civil Procedure.

**FEB 2 2 2008**          _Schwarzauer_ By:_____
**DATE**                              CLERK/REGISTER
                                      JoJo Schwarzauer, Circuit Clerk
                                      MOBILE COUNTY-CIVIL DIVISION
                                      Mobile Government Plaza, Room C936
**RETURN ON SERVICE**                 205 Government Street
                                      Mobile, Alabama 36644-2936

[ ] Certified Mail return receipt received in this office on_____
    (Return receipt hereto attached)

[ ] I certify that I personally delivered a copy of the Summ
    _____in_____

Date _____        Server S

Address of Server _____  Type of

U.S. Postal Service
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

**O F F I C I A L   U S E**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | Allen Rice |

Postmark Here

Sent To
Street, Apt. No. or PO Box No.
City, State, ZIP

Allen Rice
925 Bessemer Avenue
Prichard, AL 36610

## NOTICE OF DISCOVERY

THE STATE OF ALABAMA
MOBILE COUNTY       }     **CIRCUIT COURT OF MOBILE COUNTY**

EDWARD L. REESE

              Plaintiff,               TO:  EQUIFAX INFORMATION SVCS

Case No.           vs.

EQUIFAX INFORMATION SERVICES, LLC.,
ET AL.

         Defendants.


PLEASE TO TAKE NOTICE that in the following stated cause pending in our Circuit Court of Mobile County, Kenneth J. Riemer, Esq. has filed:

1.    **PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION.**

THE DEFENDANT IS REQUIRED TO RESPOND TO THE <u>ABOVE LISTED DISCOVERY</u> WITHIN <u>45</u> DAYS AFTER SERVICE OF THIS NOTICE.

WITNESS: JO JO SCHWARZAUER, CLERK, THIS ___ DAY OF ___FEB 2 2 2008___ ,2008.

**JO JO SCHWARZAUER**
**Circuit Court - Civil Division**
**Mobile Government Plaza**
**Mobile, Alabama 36644-2936**

## NOTICE OF DISCOVERY

**THE STATE OF ALABAMA**
**MOBILE COUNTY**                    }        **CIRCUIT COURT OF MOBILE COUNTY**

**EDWARD L. REESE**

                  **Plaintiff,**                    **TO: EXPERIAN INFORMATION**
                                      **SOLUTIONS, INC.**
**Case No.**                    **vs.**

**EQUIFAX INFORMATION SERVICES, LLC.,**
**ET AL.**

                **Defendants.**

      **PLEASE TO TAKE NOTICE** that in the following stated cause pending in our Circuit Court of Mobile County, Kenneth J. Riemer, Esq. has filed:

    **1.**      **PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION.**

      **THE DEFENDANT IS REQUIRED TO RESPOND TO THE <u>ABOVE LISTED DISCOVERY</u> WITHIN <u>45</u> DAYS AFTER SERVICE OF THIS NOTICE.**

**WITNESS: JO JO SCHWARZAUER, CLERK, THIS ____ DAY OF**   FEB 2 2 2008   **, 2008.**

                                 *JoJo Schwarzauer*

                            **JO JO SCHWARZAUER**
                            **Circuit Court - Civil Division**
                            **Mobile Government Plaza**
                            **Mobile, Alabama 36644-2936**

## NOTICE OF DISCOVERY

THE STATE OF ALABAMA
MOBILE COUNTY                    }        CIRCUIT COURT OF MOBILE COUNTY

EDWARD L. REESE

                Plaintiff,                      TO: TRANSUNION, LLC

Case No.                    vs.

EQUIFAX INFORMATION SERVICES, LLC.,
ET AL.

            Defendants.


     PLEASE TO TAKE NOTICE that in the following stated cause pending in our Circuit

Court of Mobile County, Kenneth J. Riemer, Esq. has filed:


   1.    PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR
       PRODUCTION.


     THE DEFENDANT IS REQUIRED TO RESPOND TO THE <u>ABOVE LISTED DISCOVERY</u>
WITHIN <u>45</u> DAYS AFTER SERVICE OF THIS NOTICE.

WITNESS: JO JO SCHWARZAUER, CLERK, THIS ___ DAY OF ____FEB 2 2 2008____, 2008.


                              *JoJo Schwarzauer*
                              JO JO SCHWARZAUER
                              Circuit Court - Civil Division
                              Mobile Government Plaza
                              Mobile, Alabama 36644-2936

## NOTICE OF DISCOVERY

THE STATE OF ALABAMA
MOBILE COUNTY                    }      CIRCUIT COURT OF MOBILE COUNTY

EDWARD L. REESE

                        Plaintiff,                    TO: U. S. BANK

Case No.                    vs.

EQUIFAX INFORMATION SERVICES, LLC.,
ET AL.

                Defendants.


PLEASE TO TAKE NOTICE that in the following stated cause pending in our Circuit

Court of Mobile County, Kenneth J. Riemer, Esq. has filed:


1.   PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR
     PRODUCTION.


THE DEFENDANT IS REQUIRED TO RESPOND TO THE ABOVE LISTED DISCOVERY
WITHIN 45 DAYS AFTER SERVICE OF THIS NOTICE.

                                            FEB 2 2 2008

WITNESS: JO JO SCHWARZAUER, CLERK, THIS ___ DAY OF _____, 2008.


                                JO JO Schwarzauer

                                JO JO SCHWARZAUER
                                Circuit Court - Civil Division
                                Mobile Government Plaza
                                Mobile, Alabama 36644-2936

## NOTICE OF DISCOVERY

**THE STATE OF ALABAMA**
**MOBILE COUNTY**  　　　　　}　　　**CIRCUIT COURT OF MOBILE COUNTY**

**EDWARD L. REESE**

　　　　　　　　　　　　　　　　　　　　　　　　　　　$CV08-00387$

　　　　　　　　　　　**Plaintiff,**　　　　　　　**TO: FIRST AMERICA CORPORATION**

**Case No.**　　　　　　　　　**vs.**

**EQUIFAX INFORMATION SERVICES, LLC.,**
**ET AL.**

　　　　　　　　　　**Defendants,**


　　　**PLEASE TO TAKE NOTICE that in the following stated cause pending in our Circuit**

**Court of Mobile County, Kenneth J. Riemer, Esq. has filed:**


　　**1.　　PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR**
　　　　　**PRODUCTION.**


　　**THE DEFENDANT IS REQUIRED TO RESPOND TO THE <u>ABOVE LISTED DISCOVERY</u>**
**WITHIN <u>45</u> DAYS AFTER SERVICE OF THIS NOTICE.**

**WITNESS: JO JO SCHWARZAUER, CLERK, THIS ___ DAY OF __FEB 2 2 2008___, 2008.**


　　　　　　　　　　　　　　　　　　　　_JoJo Schwarzauer_
　　　　　　　　　　　　　　　　　　　　**JO JO SCHWARZAUER**
　　　　　　　　　　　　　　　　　　　　**Circuit Court - Civil Division**
　　　　　　　　　　　　　　　　　　　　**Mobile Government Plaza**
　　　　　　　　　　　　　　　　　　　　**Mobile, Alabama 36644-2936**

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

EDWARD L. REESE,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀CASE NO: _CV08- 0387_
VS.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
EQUIFAX INFORMATION SERVICES, )
LLC; EXPERIAN INFORMATION⠀⠀)
SOLUTIONS, INC.; TRANSUNION,⠀)
LLC; U.S. BANK; FIRST AMERICA⠀)
CORPORATION and ALLEN RICE⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Defendants.⠀⠀⠀⠀⠀)

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO EQUIFAX INFORMATION SERVICES, LLC

COMES NOW, Plaintiff Edward L. Reese, and pursuant to Rules 26, 33 and 34 of the *Federal Rules of Civil Procedure*, hereby propounds the following Interrogatories and Requests for the Production of Documents to Equifax Information Services, LLC..

### INSTRUCTIONS

In answering these interrogatories, you are required to furnish all information available to you, including information in the possession of your attorney, or any person acting in your or his behalf, and not merely such information as is known of your own personal knowledge. If you cannot answer any particular interrogatory/interrogatories in full, after exercising due diligence to secure the information sought, so state and answer to the extent possible, specifying your inability to answer the remainder.

You are reminded that, under the provisions of Rule 26(e) of the *Federal Rules of Civil Procedure*, you are under a duty to seasonably supplement your response to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matter, and (b) the identity of each person expected to be called as expert witness at trial, the subject matter which he is expected to testify and the substance of his testimony. You are under a duty to seasonably amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect when made, or (b) you know that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in

10. Produce copies of any and all credit reports received by you concerning Plaintiff or which bear any of his personal identifiers. This request includes all data reports, archived reports, current, on-line reports, off-line reports, and any credit score and adverse action codes [denial codes] which you believe were attributed to Plaintiff or which bear any of her personal identifiers. In connection therewith, please identify the source(s) of each document.

11. A complete audit trail of any document(s), computer(s), or other data held by you which, in any degree, address or discuss Plaintiff, any of her personal identifiers and/or any of the data identified, as false, by Plaintiff in this action.

12. Copies of your subscriber contracts with Defendant U.S. Bank which were in effect during the two year period preceding the date of the filing of this lawsuit.

13. Produce a complete copy of your consumer dispute verification processing and handling manual.

14. Produce copies of any and all correspondence, documents or other recordings from you, or your attorneys, to any other defendant in this action, or their attorneys pertaining to Plaintiff and/or the U.S. Bank Account.

15. Produce copies of any and all correspondence, documents or other recordings to you, or to your attorneys, from any other defendant in this action, or their attorneys.

16. Produce copies of any and all documents bearing credit scoring assessments in connection with any report or data bearing Plaintiff's names or any of her personal identifiers.

17. Produce copies of any statements you have taken or received from any third person in any way connected with the allegations contained in this lawsuit.

KENNETH J. RIEMER
P. O. Box 1206
Mobile, AL 36633
251-432-9212
251-433-7172 (fax)

**TO BE SERVED WITH THE COMPLAINT**

10

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

EDWARD L. REESE,  )
  )
    **Plaintiff,**  )
  )  CASE NO: _CV08 - 0387_
VS.  )
  )
EQUIFAX INFORMATION SERVICES, )
LLC; EXPERIAN INFORMATION  )
SOLUTIONS, INC.; TRANSUNION,  )
LLC; U.S. BANK; FIRST AMERICA  )
CORPORATION and ALLEN RICE  )
  )
    **Defendants.**  )

COMES NOW, Plaintiff Edward L. Reese, and pursuant to Rules 26, 33 and 34 of the *Federal Rules of Civil Procedure*, hereby propounds the following Interrogatories and Requests for the Production of Documents to Experian Information Solutions, Inc.

## INSTRUCTIONS

In answering these interrogatories, you are required to furnish all information available to you, including information in the possession of your attorney, or any person acting in your or his behalf, and not merely such information as is known of your own personal knowledge. If you cannot answer any particular interrogatory/interrogatories in full, after exercising due diligence to secure the information sought, so state and answer to the extent possible, specifying your inability to answer the remainder.

You are reminded that, under the provisions of Rule 26(e) of the *Federal Rules of Civil Procedure*, you are under a duty to seasonably supplement your response to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matter, and (b) the identity of each person expected to be called as expert witness at trial, the subject matter which he is expected to testify and the substance of his testimony. You are under a duty to seasonably amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect when made, or (b) you know that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

10.    Produce copies of any and all credit reports received by you concerning Plaintiff or which bear any of his personal identifiers. This request includes all data reports, archived reports, current, on-line reports, off-line reports, and any credit score and adverse action codes [denial codes] which you believe were attributed to Plaintiff or which bear any of her personal identifiers. In connection therewith, please identify the source(s) of each document.

11.    A complete audit trail of any document(s), computer(s), or other data held by you which, in any degree, address or discuss Plaintiff, any of her personal identifiers and/or any of the data identified, as false, by Plaintiff in this action.

12.    Copies of your subscriber contracts with Defendant U.S. Bank which were in effect during the two year period preceding the date of the filing of this lawsuit.

13.    Produce a complete copy of your consumer dispute verification processing and handling manual.

14.    Produce copies of any and all correspondence, documents or other recordings from you, or your attorneys, to any other defendant in this action, or their attorneys pertaining to Plaintiff and/or the U.S. Bank Account.

15.    Produce copies of any and all correspondence, documents or other recordings to you, or to your attorneys, from any other defendant in this action, or their attorneys.

16.    Produce copies of any and all documents bearing credit scoring assessments in connection with any report or data bearing Plaintiff's names or any of her personal identifiers.

17.    Produce copies of any statements you have taken or received from any third person in any way connected with the allegations contained in this lawsuit.

KENNETH J. RIEMER
P. O. Box 1206
Mobile, AL 36633
251-432-9212
251-433-7172 (fax)

**TO BE SERVED WITH THE COMPLAINT**

10

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

EDWARD L. REESE,                     )
                                     )
      Plaintiff,               )
                                     )
VS.                                  )    CASE NO: _CVO8-058?_
                                     )
EQUIFAX INFORMATION SERVICES,        )
LLC; EXPERIAN INFORMATION            )
SOLUTIONS, INC.; TRANSUNION,         )
LLC; U.S. BANK; FIRST AMERICA        )
CORPORATION and ALLEN RICE           )
                                     )
      Defendants.              )

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO TRANSUNION, LLC

COMES NOW, Plaintiff Edward L. Reese, and pursuant to Rules 26, 33 and 34 of the *Federal Rules of Civil Procedure,* hereby propounds the following Interrogatories and Requests for the Production of Documents to Transunion, LLC..

### INSTRUCTIONS

In answering these interrogatories, you are required to furnish all information available to you, including information in the possession of your attorney, or any person acting in your or his behalf, and not merely such information as is known of your own personal knowledge. If you cannot answer any particular interrogatory/interrogatories in full, after exercising due diligence to secure the information sought, so state and answer to the extent possible, specifying your inability to answer the remainder.

You are reminded that, under the provisions of Rule 26(e) of the *Federal Rules of Civil Procedure,* you are under a duty to seasonably supplement your response to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matter, and (b) the identity of each person expected to be called as expert witness at trial, the subject matter which he is expected to testify and the substance of his testimony. You are under a duty to seasonably amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect when made, or (b) you know that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in

10.     Produce copies of any and all credit reports received by you concerning Plaintiff or which bear any of his personal identifiers. This request includes all data reports, archived reports, current, on-line reports, off-line reports, and any credit score and adverse action codes [denial codes] which you believe were attributed to Plaintiff or which bear any of her personal identifiers. In connection therewith, please identify the source(s) of each document.

11.     A complete audit trail of any document(s), computer(s), or other data held by you which, in any degree, address or discuss Plaintiff, any of her personal identifiers and/or any of the data identified, as false, by Plaintiff in this action.

12.     Copies of your subscriber contracts with Defendant U.S. Bank which were in effect during the two year period preceding the date of the filing of this lawsuit.

13.     Produce a complete copy of your consumer dispute verification processing and handling manual.

14.     Produce copies of any and all correspondence, documents or other recordings from you, or your attorneys, to any other defendant in this action, or their attorneys pertaining to Plaintiff and/or the U.S. Bank Account.

15.     Produce copies of any and all correspondence, documents or other recordings to you, or to your attorneys, from any other defendant in this action, or their attorneys.

16.     Produce copies of any and all documents bearing credit scoring assessments in connection with any report or data bearing Plaintiff's names or any of her personal identifiers.

17.     Produce copies of any statements you have taken or received from any third person in any way connected with the allegations contained in this lawsuit.

KENNETH J. RIEMER
P. O. Box 1206
Mobile, AL 36633
251-432-9212
251-433-7172 (fax)

**TO BE SERVED WITH THE COMPLAINT**

10

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

EDWARD L. REESE,　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　)
VS.　　　　　　　　　　　　　　)　　CASE NO: _CV08-0387_
　　　　　　　　　　　　　　　　)
EQUIFAX INFORMATION SERVICES, )
LLC; ET Al.,　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　)

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO U.S. BANK

　　　COMES NOW, Plaintiff Edward L. Reese, and pursuant to Rules 26, 33 and 34 of the *Federal Rules of Civil Procedure*, hereby propounds the following Interrogatories and Requests for the Production of Documents to U.S. Bank.

### INSTRUCTIONS

　　　In answering these interrogatories, you are required to furnish all information available to you, including information in the possession of your attorney, or any person acting in your or his behalf, and not merely such information as is known of your own personal knowledge. If you cannot answer any particular interrogatory/interrogatories in full, after exercising due diligence to secure the information sought, so state and answer to the extent possible, specifying your inability to answer the remainder.

　　　You are reminded that, under the provisions of Rule 26(e) of the *Alabama Rules of Civil Procedure*, you are under a duty to seasonably supplement your response to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matter, and (b) the identity of each person expected to be called as expert witness at trial, the subject matter which he is expected to testify and the substance of his testimony.  You are under a duty to seasonably amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect when made, or (b) you know that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

17.   Copies of any and all credit reports received by you concerning Plaintiff or which bear any of his personal identifiers.  This request includes all data reports, archived reports, current, on-line reports, off-line reports, and any credit score and adverse action codes [denial codes] which you believe were attributed to Plaintiff or which bear any of his personal identifiers.  In connection therewith, please identify the source(s) of each document.

18.   Your subscriber contracts with any of the other defendants which were in effect from January 1, 2003 to present.

19.   All documents relating to your policy, practice or procedure concerning document retention, storage, archival and/or organization.  This request includes any document discussing problems or concerns regarding the inability to locate documents evidencing liability on consumer accounts being reported by you to consumer credit agencies or being referred to third parties for collection.

KENNETH J. RIEMER
One of the Attorneys of Plaintiff
P. O. Box 1206
Mobile, AL 36633
251-432-9212
251-433-7172 (fax)

TO BE SERVED WITH THE COMPLAINT

# IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

EDWARD L. REESE,       )

       Plaintiff,     )

             )    CASE NO: _CV08 - 0387_

VS.           )

EQUIFAX INFORMATION SERVICES, )
LLC; ET Al.,       )

       Defendants.   )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO FIRST AMERICA CORPORATION

COMES NOW, Plaintiff Edward L. Reese, and pursuant to Rules 26, 33 and 34 of the *Federal Rules of Civil Procedure*, hereby propounds the following Interrogatories and Requests for the Production of Documents to First America Corporation.

## INSTRUCTIONS

In answering these interrogatories, you are required to furnish all information available to you, including information in the possession of your attorney, or any person acting in your or his behalf, and not merely such information as is known of your own personal knowledge. If you cannot answer any particular interrogatory/interrogatories in full, after exercising due diligence to secure the information sought, so state and answer to the extent possible, specifying your inability to answer the remainder.

You are reminded that, under the provisions of Rule 26(e) of the *Federal Rules of Civil Procedure*, you are under a duty to seasonably supplement your response to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matter, and (b) the identity of each person expected to be called as expert witness at trial, the subject matter which he is expected to testify and the substance of his testimony. You are under a duty to seasonably amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect when made, or (b) you know that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the *Alabama Rules of Civil Procedure*, you are hereby requested to produce the following documents:

1.  Each and every document involving or relating in any way to Plaintiff.

2.  All documents identified in response to the foregoing interrogatories.

3.  All documents relating in any way to the application attached hereto as Exhibit "A."

4.  All documents relating in any way to the lease attached hereto as Exhibit "B."

5.  All documents relating in any way to Reese Funeral Home, Inc.

6.  All documents referred to in compiling the responses to the foregoing interrogatories.

7.  Each and every document involving communications or contacts between you and any of the other defendants which in any way references the Plaintiff.

8.  Each and every document involving communications or contacts between you and any of the other defendants which in any way references Reese Funeral Home, Inc.

9.  Each and every document involving communications or contacts between you and any of the other defendants which in any way references Allen Rice.

10.  Any and all written agreements or other documents expressing any terms of agreement between you and U.S. Bank in effect for any of the times between January 1, 2003 to present.

11.  Any and all policy manuals, procedure manuals, or other documents, which are training manuals for your employees in any of the following areas: identity theft, protection of personal information gathered from customers and fraud prevention.

12.  Your subscriber contracts with any of the other defendants which were in effect from January 1, 2003 to present.

13.  All documents relating to your policy, practice or procedure concerning document retention, storage, archival and/or organization. This request includes any document discussing problems or concerns regarding the inability to locate documents evidencing liability on consumer accounts being reported by you to consumer credit agencies or being referred to third parties for collection.

KENNETH J. RIEMER
One of the Attorneys of Plaintiff
P. O. Box 1206
Mobile, AL 36633
251-432-9212
251-433-7172 (fax)

6

TO BE SERVED WITH COMPLAINT

7

Revised 1-1-94; 4-1-99; 11-1-99

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

EDWARD L. REESE                              *

_____                      *

Plaintiff(s)                                 *

vs.                                          *

EQUIFAX INFORMATION                          *    CIVIL ACTION NO. CV08- 0387

SERVICES LLC ET AL                           *    DATE COMPLAINT FILED  FEB 2 2 2008

Defendant(s)                                 *

## ASSIGNMENT TO EXPEDITED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed in the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

## OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial. A motion filed later than the aforesaid 40 days will not be considered by the Court. Oral argument may be requested on an exclusion motion. If a cause is excluded from the system by the Court, a discovery schedule will be set by the Court after conference with the parties. If a case is so excluded the general pre-trial portion of this order will remain in effect unless specifically altered by the Court.

## DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing the Motion to Set and Certificate of Readiness requests an additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time. Notwithstanding the foregoing, for good cause shown, the Court may permit, of the parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

## MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which shall be filed not later than 270 days after the filing of the complaint. If such a motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed" on a disposition docket as near as possible to the 300th day and send notice of such to all parties. If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available of in the clerk's office and will contain the following information:

(1) The date the complaint was filed;
(2) That the issues in the case have been defined and joined;
(3) That all discovery has been completed or will be completed within 60 days after the filing of the Certificate of Readiness;
(4) That a jury trial has or has not been demanded;
(5) The expected length of the trial expressed in hours and/or days;
(6) A brief description of the plaintiff's claim;
(7) The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8) That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9) That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10) That the movant certifies that he/she has read the pre-trial order, that he/she has complied with it to date and will comply with its requirements in the future.

The filing by plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reasons therefore. Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court.

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible. Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority. Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form.)

## NOTIFICATION OF SETTLEMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of to status or stage of the case (discovery stage, active calendar on trial calendar).

## GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

### 1.    EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE, GENERALLY

a.    Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

b.    Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

c.    Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2.    DOCTOR, HOSPITAL AND MEDICAL EXPENSES

a.    If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.    Any such bills not timely exhibited to the other parties will jot be admitted in evidence at trial unless the ends of justice so require.

c.    The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

3.    SPECIAL DAMAGES

a.    All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial. Written objections thereto may be made not less than 14 days before trial specifying grounds of objections.

b.    Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice require so.

4.    AGENCY-TIME AND PLACE-DUTY

a.    Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or the grounds relied on.

5.    EXPERTS

a.    Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.    Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c.    Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such expert will be admitted.

d.    Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

6.    JURY INSTRUCTIONS

If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter size paper and identified by the party's last name and shall be numbered.

7.    JURY SELECTION

Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

8.    DUTY TO SUPPLEMENT DISCOVERY

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

9.    MOTIONS GENERALLY

If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

10.    CONFLICTS

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the _____ day of _____ **FEB 2 2 2008** _____ , 2008

Charles A. Graddick, Presiding Circuit Judge

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Allen Rice
925 Bessemer Avenue
Prichard, AL 36610

$CV08-00387$  $C+S$

2. Article Number
   (Transfer from s        7006 3450 0002 0766 7124

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____    □ Agent
                             □ Addressee
B. Received by (Printed Name)    C. Date of Delivery
                                    3-7-08

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:          □ No

3. Service Type
   ☒ Certified Mail    □ Express Mail
   □ Registered        ☒ Return Receipt for Merchandise
   □ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☒ Yes

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. ■ Print your name and address on the reverse so that we can return the card to you. ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature  X _Donna Laudatta_  ☐ Agent ☐ Addressee |
| | B. Received by (Printed Name)  2006   C. Date of Delivery  2-3-08 |
| 1. Article Addressed to:  Equifax Information Services, LLC P. O. Box 105069 Atlanta, GA 30348 | D. Is delivery address different from item 1?  ☐ Yes   If YES, enter delivery address below:  ☐ No |
| | 3. Service Type  ☒ Certified Mail   ☐ Express Mail  ☐ Registered   ☒ Return Receipt for Merchandise  ☐ Insured Mail   ☐ C.O.D. |
| CV08-00387   C+S,INT | 4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Transfer from service label)   7006 3450 0002 0766 7070 | |
| PS Form 3811, February 2004   Domestic Return Receipt | 102595-02-M-1540 |

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X _____ T-TR4M_____  ☑ Agent  ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery
3-3-08

1. Article Addressed to:

CV08-00387  C+S,INT

U. S. Bank
U.S. Bancorp Center
800 Nicollet Mall
Minneapolis, MN 55402

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☑ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from        7006 3450 0002 0766 7100

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**SENDER:** *COMPLETE THIS SECTION*

- Complete Items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

1. Article Addressed to:

First America Corporation
2400 East Sharon Road
Cincinnati, Ohio 45241

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

$CV08 - 00387$  $C+S, INT$

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer fr...)    7006 3450 0002 0766 7117

PS Form **3811**, February 2004    Domestic Return Receipt    102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Transunion, LLC
P. O. Box 2000
Chester, PA 19022-2000

CVD8-00387  C+S, INT

2. Article Number
   (Transfer from service label)  ۱۱۱۱۷۱۱۷۰۵ ۵۰۰۱ ۹۷۶۶ ۷۰۹۴

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                               ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☒ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)              ☐ Yes

ELECTRONICALLY FILED
3/4/2008 10:01 AM
CV-2008-000387.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| EDWARD L. REESE, | ) | |
| Plaintiff, | ) | |
| VS. | ) | **CASE NO: 08-387** |
| TRANS UNION, LLC, et al. | ) | |
| Defendants. | | |

### NOTICE OF APPEARANCE

James D. Patterson requests this Honorable Court enter his name as additional counsel for Plaintiff in the above related causes.

s/ James D. Patterson
James D. Patterson, Esq.

Law Offices of Earl P. Underwood, Jr.
21 South Section Street
Post Office Box 969
Fairhope, AL 36533-0969
Phone: 251.990.5558
Fax: 251.990.0626
jpatterson@alalaw.com



**AlaFile E-Notice**

02-CV-2008-000387.00

To:  James Patterson
jpatterson@alalaw.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### EDWARD L REESE VS EQUIFAX INFORMATION SERVICES LLC ET AL
### 02-CV-2008-000387.00

The following NOTICE OF APPEARANCE was FILED on 3/4/2008 10:01:29 AM

Notice Date:     3/4/2008 10:01:29 AM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2008-000387.00

To: EQUIFAX INFORMATION SERVICES (PRO SE)

, AL 0

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### EDWARD L REESE VS EQUIFAX INFORMATION SERVICES LLC ET AL
### 02-CV-2008-000387.00

The following NOTICE OF APPEARANCE was FILED on 3/4/2008 10:01:29 AM

Notice Date:      3/4/2008 10:01:29 AM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

**02-CV-2008-000387.00**

To: EXPERIAN INFORMATION SOLUTIO (PRO SE)

, AL 0

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### EDWARD L REESE VS EQUIFAX INFORMATION SERVICES LLC ET AL
### 02-CV-2008-000387.00

The following NOTICE OF APPEARANCE was FILED on 3/4/2008 10:01:29 AM

Notice Date:       3/4/2008 10:01:29 AM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2008-000387.00

To: FIRST AMERICA CORPORATION   (PRO SE)

, AL 0

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### EDWARD L REESE VS EQUIFAX INFORMATION SERVICES LLC ET AL
### 02-CV-2008-000387.00

The following NOTICE OF APPEARANCE was FILED on 3/4/2008 10:01:29 AM

Notice Date:      3/4/2008 10:01:29 AM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2008-000387.00

To:  RICE ALLEN          (PRO SE)

, AL 0

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

EDWARD L REESE VS EQUIFAX INFORMATION SERVICES LLC ET AL
02-CV-2008-000387.00

The following NOTICE OF APPEARANCE was FILED on 3/4/2008 10:01:29 AM

Notice Date:     3/4/2008 10:01:29 AM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

**02-CV-2008-000387.00**

To:  TRANSUNION LLC        (PRO SE)

, AL 0

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### EDWARD L REESE VS EQUIFAX INFORMATION SERVICES LLC ET AL
### 02-CV-2008-000387.00

The following NOTICE OF APPEARANCE was FILED on 3/4/2008 10:01:29 AM

Notice Date:     3/4/2008 10:01:29 AM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2008-000387.00

To: U S BANK          (PRO SE)

, AL 0

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### EDWARD L REESE VS EQUIFAX INFORMATION SERVICES LLC ET AL
### 02-CV-2008-000387.00

The following NOTICE OF APPEARANCE was FILED on 3/4/2008 10:01:29 AM

Notice Date:     3/4/2008 10:01:29 AM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2008-000387.00

To:  RIEMER KENNETH J
kjr@alaconsumerlaw.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### EDWARD L REESE VS EQUIFAX INFORMATION SERVICES LLC ET AL
### 02-CV-2008-000387.00

The following NOTICE OF APPEARANCE was FILED on 3/4/2008 10:01:29 AM

Notice Date:      3/4/2008 10:01:29 AM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov

## NOTICE OF DISCOVERY

THE STATE OF ALABAMA
MOBILE COUNTY                    }       CIRCUIT COURT OF MOBILE COUNTY

EDWARD L. REESE                                          *CV08 - 00387 SHS*

                          Plaintiff,                     TO: FIRST AMERICA CORPORATION

Case No.                    vs.            *WE HAVE NEVER Employed THIS*

EQUIFAX INFORMATION SERVICES, LLC., *pERSON , You HAVE THE WRONG*
ET AL.                                     *Company !*

                          Defendants.


PLEASE TO TAKE NOTICE that in the following stated cause pending in our Circuit

Court of Mobile County, Kenneth J. Riemer, Esq. has filed:


1.      PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR
        PRODUCTION.


        THE DEFENDANT IS REQUIRED TO RESPOND TO THE ABOVE LISTED DISCOVERY
WITHIN 45 DAYS AFTER SERVICE OF THIS NOTICE.

WITNESS: JO JO SCHWARZAUER, CLERK, THIS ___ DAY OF ___FEB 2 2 2008___ , 2008.


                              *JoJo Schwarzauer*

                              JO JO SCHWARZAUER
                              Circuit Court - Civil Division
                              Mobile Government Plaza
                              Mobile, Alabama 36644-2936


*Cf: Pltff's atty 3-6-08*
                *ddw*



First America
INCORPORATED

2400 E. Sharon Road
Cincinnati, OH 45241

Je Jo Schwayacer
Circuit Court - Civil Division
Mobile Government Plaza — 913
Mobile, alabama 36644 - 2736

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Experian Information Solutions, Inc.
P. O. Box 2002
Allen, TX 75013

$CV08-00387$ $C+S_iN$

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
3 5 08

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☑ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)
7006 3450 0002 0766 7087

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



**AlaFile E-Notice**

02-CV-2008-000387.00

Judge: SARAH HICKS STEWART

To: PATTERSON JAMES DONNIE
jpatterson@alalaw.com

# NOTICE OF SERVICE

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

**EDWARD L REESE VS EQUIFAX INFORMATION SERVICES LLC ET AL**
**02-CV-2008-000387.00**

The following matter was served on 3/3/2008

**D004 U S BANK**
**CERTIFIED MAIL**

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2008-000387.00

Judge: SARAH HICKS STEWART

To: RIEMER KENNETH J
kjr@alaconsumerlaw.com

# NOTICE OF SERVICE

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### EDWARD L REESE VS EQUIFAX INFORMATION SERVICES LLC ET AL
02-CV-2008-000387.00

The following matter was served on 3/3/2008

**D004 U S BANK**
**CERTIFIED MAIL**

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2008-000387.00

Judge: SARAH HICKS STEWART

To: PATTERSON JAMES DONNIE
jpatterson@alalaw.com

# NOTICE OF SERVICE

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### EDWARD L REESE VS EQUIFAX INFORMATION SERVICES LLC ET AL
### 02-CV-2008-000387.00

The following matter was served on 3/3/2008

**D005 FIRST AMERICA CORPORATION**
**CERTIFIED MAIL**

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

**02-CV-2008-000387.00**

Judge: SARAH HICKS STEWART

To: RIEMER KENNETH J
kjr@alaconsumerlaw.com

# NOTICE OF SERVICE

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### EDWARD L REESE VS EQUIFAX INFORMATION SERVICES LLC ET AL
### 02-CV-2008-000387.00

The following matter was served on 3/3/2008

**D005 FIRST AMERICA CORPORATION**
**CERTIFIED MAIL**

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2008-000387.00

Judge: SARAH HICKS STEWART

To:  PATTERSON JAMES DONNIE
jpatterson@alalaw.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

EDWARD L REESE VS EQUIFAX INFORMATION SERVICES LLC ET AL
02-CV-2008-000387.00

The following matter was served on 3/3/2008

D001 EQUIFAX INFORMATION SERVICES
CERTIFIED MAIL

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2008-000387.00

Judge: SARAH HICKS STEWART

To: RIEMER KENNETH J
kjr@alaconsumerlaw.com

# NOTICE OF SERVICE

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### EDWARD L REESE VS EQUIFAX INFORMATION SERVICES LLC ET AL
### 02-CV-2008-000387.00

The following matter was served on 3/3/2008

### D001 EQUIFAX INFORMATION SERVICES
### CERTIFIED MAIL

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

**02-CV-2008-000387.00**

Judge: SARAH HICKS STEWART

To:  PATTERSON JAMES DONNIE
jpatterson@alalaw.com

# NOTICE OF SERVICE

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

**EDWARD L REESE VS EQUIFAX INFORMATION SERVICES LLC ET AL**
**02-CV-2008-000387.00**

The following matter was served on 3/5/2008

**D002 EXPERIAN INFORMATION SOLUTIO**
**CERTIFIED MAIL**

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2008-000387.00

Judge: SARAH HICKS STEWART

To: RIEMER KENNETH J
kjr@alaconsumerlaw.com

# NOTICE OF SERVICE

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### EDWARD L REESE VS EQUIFAX INFORMATION SERVICES LLC ET AL
### 02-CV-2008-000387.00

The following matter was served on 3/5/2008

### D002 EXPERIAN INFORMATION SOLUTIO
### CERTIFIED MAIL

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2008-000387.00

Judge: SARAH HICKS STEWART

To: PATTERSON JAMES DONNIE
jpatterson@alalaw.com

# NOTICE OF SERVICE

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

**EDWARD L REESE VS EQUIFAX INFORMATION SERVICES LLC ET AL**
**02-CV-2008-000387.00**

The following matter was served on 3/4/2008

**D003 TRANSUNION LLC**
**CERTIFIED MAIL**

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov



**AlaFile E-Notice**

02-CV-2008-000387.00

Judge: SARAH HICKS STEWART

To: RIEMER KENNETH J
kjr@alaconsumerlaw.com

# NOTICE OF SERVICE

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### EDWARD L REESE VS EQUIFAX INFORMATION SERVICES LLC ET AL
### 02-CV-2008-000387.00

The following matter was served on 3/4/2008

**D003 TRANSUNION LLC**
**CERTIFIED MAIL**

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDWARD L. REESE, <br>       Plaintiff <br><br> v. <br><br> EQUIFAX INFORMATION SERVICES, <br> LLC; EXPERIAN INFORMATION <br> SOLUTIONS, INC.; TRANSUNION, LLC; <br> U.S. BANK; FIRST AMERICA <br> CORPORATION AND ALLEN RICE <br> A through Z, being those persons of entities <br> who are liable for the claims stated herein <br> but whose identities are unknown to Plaintiff <br> and will be supplied when ascertained, <br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)       Case No. <br><br>       _____ |

## JOINDER AND CONSENT TO REMOVAL

Without waiving any other defenses, Equifax Information Services LLC ("Equifax"), hereby joins in and consents to the removal of this action from the Circuit Court of Mobile County, Alabama to this Court. Removal of this action is proper for the reasons set forth in the Notice of Removal and Exhibits thereto filed by co-defendant Trans Union LLC.

Defendant Equifax first received a copy of the Summons and Complaint, the initial pleading setting forth the claim for relief upon which this action is based, on March 10, 2008.

DATED: March 17, 2008

Respectfully submitted,

/s/ Kirkland E. Reid
_____
Kirkland E. Reid (REIDK9451)
Counsel for Equifax Information Services, LLC

OF COUNSEL:
MILLER, HAMILTON, SNIDER & ODOM
P.O. Box 46
Mobile, Alabama 36601
Tel: (251) 432-1414
Fax: (251) 433-4106
KirkReid@mhsolaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

EDWARD L. REESE,            )
      Plaintiff            )
                          )
                          )
v.                         )
                          )
EQUIFAX INFORMATION        )
SERVICES, LLC; EXPERIAN    )
INFORMATION SOLUTIONS, INC.; )          Case No.
TRANSUNION, LLC; U.S. BANK; )
FIRST AMERICA CORPORATION  )
AND ALLEN RICE             )
A through Z, being those persons of )
entities who are liable for the claims )
stated herein but whose identities are )
unknown to Plaintiff and will be )
supplied when ascertained,  )
      Defendants.         )

## JOINDER AND CONSENT TO REMOVAL

Without waiving any other defenses, Experian Information Solutions, Inc.,

hereby joins in and consents to the removal of this action from the Circuit Court of

Mobile County, Alabama to this Court.

Experian Information Solutions, Inc. first received a copy of the Complaint,

the initial pleading setting forth the claim for relief upon which this action is based,

on March 4, 2008.

Respectfully submitted,

*s/Laura C. Nettles*
Laura C. Nettles, Esq. (ASB-5805-S63L)
Attorney for Defendant,
Experian Information Solutions, Inc.

OF COUNSEL:

**LLOYD, GRAY & WHITEHEAD, P.C.**
2501 Twentieth Place South, Suite 300
Birmingham, AL  35223
Telephone: (205) 967-8822
Facsimile:   (205) 967-2380

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| EDWARD L. REESE,<br>   Plaintiff<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES,<br>LLC; EXPERIAN INFORMATION<br>SOLUTIONS, INC.; TRANSUNION, LLC;<br>U.S. BANK; FIRST AMERICA<br>CORPORATION AND ALLEN RICE<br>A through Z, being those persons of<br>entities who are liable for the claims<br>stated herein but whose identities are<br>unknown to Plaintiff and will be supplied<br>when ascertained,<br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No.<br>_____ |

## JOINDER AND CONSENT TO REMOVAL

Without waiving any other defenses, First America Corporation, hereby joins in
and consents to the removal of this action from the Circuit Court of Mobile County,
Alabama to this Court.

First America Corporation first received a copy of the Complaint, the initial
pleading setting forth the claim for relief upon which this action is based, on March 3,
2008.

Respectfully submitted,

Victor Kelley Tress.

**Counsel for First America Corporation**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

EDWARD L. REESE,                            )
       Plaintiff                          )
                                          )
                                          )
v.                                          )
                                          )
EQUIFAX INFORMATION SERVICES,               )
LLC; EXPERIAN INFORMATION                   )
SOLUTIONS, INC.; TRANSUNION, LLC;           )      Case No.
U.S. BANK; FIRST AMERICA                    )
CORPORATION AND ALLEN RICE                  )   _____
A through Z, being those persons of         )
entities who are liable for the claims      )
stated herein but whose identities are      )
unknown to Plaintiff and will be supplied   )
when ascertained,                           )
       Defendants.                        )

## JOINDER AND CONSENT TO REMOVAL

Without waiving any other defenses, U.S. Bank, hereby joins in and consents to

the removal of this action from the Circuit Court of Mobile County, Alabama to this

Court.

U.S. Bank first received a copy of the Complaint, the initial pleading setting forth

the claim for relief upon which this action is based, on March 4, 2008.

Respectfully submitted,

David R. Wells    ASB-5009-L50D
William A. Mudd   ASB-4274-U79W
Attorneys for Defendant, U.S. Bank

OF COUNSEL:

WHITAKER, MUDD, SIMMS, LUKE & WELLS, L.L.C.
2001 Park Place North
Suite 400
Birmingham, AL 35203
(205) 639-5300
(205) 639-5350

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

EDWARD L. REESE, )
    Plaintiff )
     )
     )
v. )
     )
     )
EQUIFAX INFORMATION SERVICES, )
LLC; EXPERIAN INFORMATION )
SOLUTIONS, INC.; TRANSUNION, LLC; )     Case No.
U.S. BANK; FIRST AMERICA )
CORPORATION AND ALLEN RICE )    _____
A through Z, being those persons of )
entities who are liable for the claims )
stated herein but whose identities are )
unknown to Plaintiff and will be supplied )
when ascertained, )
    Defendants. )

## JOINDER AND CONSENT TO REMOVAL

Without waiving any other defenses, Allen Rice, hereby joins in and consents to
the removal of this action from the Circuit Court of Mobile County, Alabama to this
Court.

Allen Rice first received a copy of the Complaint, the initial pleading setting forth
the claim for relief upon which this action is based, on Feb. 28 , 2008.

Respectfully submitted,

COOPER C. THURBER    THURC4686
S. ELIZABETH LEE    LEES2979
Lyons, Pipes & Cook, PC
P.O. Box 2727
Mobile, AL 36652-2727
(251) 432-4481
*Counsel for Allen Rice*